IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN CHAPMAN,

           Plaintiff,

v.                                    CIVIL ACTION NO. 2:21-cv-00413

EDWARD WOOTEN, et al.,

           Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

      This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Before this Court are the Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and the Complaint (ECF No. 2) filed by Plaintiff John Chapman ("Plaintiff"). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that Plaintiff's Application (ECF No. 1) be **DENIED** and that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

      *I.*    *BACKGROUND*

      Plaintiff brings this action against Defendants Edward Wooten, Cedrick Robertson, and John Doe, whom he alleges are members of the West Virginia Parole Board, and Defendant Roshonda Gray, whom he alleges is his parole officer. (ECF No. 2 at 4.) He avers that after serving fifteen months of his one-to-five-year sentence for a possession-with-intent-to-deliver conviction, he was released on parole on September 1,

2020.  (*Id.* at 5.)  Plaintiff alleges that on January 17, 2021, he was again charged with possession with intent to deliver, and as a result of this charge, his parole was revoked on February 18, 2021, and his one-to-five-year sentence was reinstated.  (*Id.*)  He further alleges that the January 17, 2021 charge was dismissed on April 27, 2021, but he is still serving out his one-to-five-year sentence.  (*Id.* at 6.)  According to Plaintiff, he will again be before the West Virginia Parole Board for consideration of parole in November 2021.  (*Id.*)  He seeks money damages of $750,000 "for everyday [sic] [he] was incarcerated" and an order "to reverse the revocation decision" and to be "[r]eleased from custody an[d] placed back into society an[d] discharged off parole."  (*Id.* at 7.)

## II.   LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact."  *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e).  This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'"  *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).  When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III.   ANALYSIS

As an initial matter, Plaintiff's Complaint does not specify the legal basis for his claims. (*See* ECF No. 2.) But the relief he seeks to secure his release from state custody is available only through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The proper defendant in a habeas corpus action is "the person who holds [the plaintiff] in what is alleged to be unlawful custody." *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973); *see also* 28 U.S.C. § 2242 (stating

that application for writ "shall allege . . . the name of the person who has custody over [the applicant]"). "[I]n habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Plaintiff alleges that the defendants are members of the West Virginia Parole Board and his parole officer, not the superintendent of the facility where he is presently incarcerated. (ECF No. 2 at 4.) As such, the undersigned **FINDS** that to the extent Plaintiff seeks to petition these defendants for habeas corpus relief, they are not the appropriate respondents.[1] The undersigned therefore respectfully **RECOMMENDS** that any such petition against them be **DISMISSED**.

To the extent Plaintiff instead seeks to bring a 42 U.S.C. § 1983 action against defendants for money damages,[2] he has not established that the sentence he is presently serving is unlawful. "In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid," a state prisoner "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("[A] prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." (emphasis deleted)). To be sure, Plaintiff alleges that the charge resulting in his parole revocation

---

[1] Even if Plaintiff had named his custodian as a defendant, he has not shown that he has first exhausted his state-court remedies, which is required to file a habeas corpus petition in federal court. *Miller v. Roberts*, No. 1:19-cv-00899, 2021 WL 1146396, at *1 (S.D.W. Va. Mar. 25, 2021).
[2] A writ of habeas corpus does not entitle the applicant to an award of monetary relief. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (quoting *Preiser*, 411 U.S. at 488).

was later dismissed.  (ECF No. 2 at 6.)  But the sentence imposed "upon parole revocation is punishment for the original offense and not for the conduct leading to revocation."  *Gregory v. McBride*, No. 5:02-cv-00472, 2005 WL 8157456, at *3 (S.D.W. Va. Sept. 29, 2005) (citing *United States v. Boddy*, 26 F. App'x 174, 174 (4th Cir. 2001) (per curiam)).  Plaintiff acknowledges this fact, averring that the "revocation placed [him] back on his 1–5 year sentence" for his initial possession-with-intent-to-deliver conviction.  (ECF No. 2 at 6.)  But unless and until he "can demonstrate that the conviction or sentence has already been invalidated" as set forth above, a § 1983 action is premature and must be dismissed.  *Heck*, 512 U.S. at 487.  Accordingly, the undersigned **FINDS** that any § 1983 claims Plaintiff seeks to bring against the defendants are premature and respectfully **RECOMMENDS** that they be **DISMISSED**.

## IV.   RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED** and that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period

may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER: September 2, 2021

Dwane L. Tinsley
United States Magistrate Judge